LEONARDO M. RAPADAS
United States Attorney
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Hagåtña, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 07-00021 |
| Plaintiff, | |
| vs. | GOVERNMENT'S MOTION FOR UPWARD DEPARTURE |
| VINCENT PHILIP SIGUENZA CRUZ, | |
| Defendant. | |

COMES NOW the United States, and respectfully moves this Honorable Court for an upward departure at Sentencing from the calculated U.S.S.G. Guideline range of Offense Level **17**, Criminal History Category IV (37-46 months) to Offense Level **22**, Criminal History Category IV (63-78 months), the Government urges the Court to impose a sentence of 72 months incarceration.

## STATEMENT OF FACTS

On November 18, 2005, five days before Thanksgiving, and in broad daylight, defendant Cruz was armed with a Beretta .9 mm pistol with 13 bullets which he got in exchange for three plates of "ice". Defendant walked to a Yigo home and jumped a fence. He picked up a weight and threw it through a window, shattering the glass. He began looking for items to steal.

At this time, Ms. Michelle Terlaje, age 27, arrived home with her four year old son Tamzon, and her 14 year old niece Francine Fujiwara. Michelle Terlaje noticed the shattered

window and saw that the door was open. She instructed the children to stay outside the home and entered her residence. She saw the defendant in her home with a handgun and picked up a BB gun to defend herself. She yelled at the defendant. The defendant punched Ms. Terlaje, she scratched his face. The defendant overturned furniture to escape, pushed aside Ms. Terlaje and her children, and ran towards the door. Ms. Terlaje's four year old son and her 14 year old niece Francine Fujiwara came into the home, saw the defendant and became frightened. The defendant pointed the firearm at the two children. The defendant then shoved the children aside in an attempt to escape. Ms. Terlaje attempted to stop the defendant from escaping by grabbing his leg as he climbed a fence. The defendant flight was stopped by the a Guam Police Department Officer who saw him throwing items onto the ground. Defendant was caught by Guam Police Department Officer T.M. Benavente who cuffed the defendant, pulled a Beretta firearm from his waist area, and who noted that the defendant was holding bullets in his hand.

Ms. Terlaje sustained redness and scratching to the face, Francine Fujiwara was uninjured, Tamzon was treated for abrasions to the knee area.

## I.   THE GOVERNMENT'S BURDEN OF PROOF AT SENTENCING

The Government seeks a **five (5) level** increase in the defendant's Sentence, which would result in a 26 month incarceration above the calculated Guideline range. The Government also contends that the appropriate burden of proof at sentencing for a Sentencing enhancement is the preponderance of the evidence standard.

"As a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing, but where an extremely disproportionate sentence results from the application of an enhancement, the government may have to satisfy a clear and convincing standard. U.S. v. Staten, 466 F.3d 708, 717 (9th Cir. 2006) citing U.S. v. Hopper, 177 F.3d 824, 833 (9th Cir. 1999).

To determine what is a "disproportionate impact," courts look at the totality of the

-2-

circumstances to determine if there is a disproportionate impact, without considering any one factor as dispositive.

"Under the disproportionate impact test, we examine the "totality of the circumstances" using the following factors: 1) Does the enhanced sentence fall within the maximum sentence for the crime alleged in the indictment? 2) Does the enhanced sentence negate the presumption of innocence or the prosecution's burden of proof for the crime alleged in the indictment? 3) Do the facts offered in support of the enhancement create new offenses requiring separate punishment? 4) Is the increase in sentence based on the extent of a conspiracy? 5) Is the increase in the number offense levels less than or equal to four? 6) Is the length of the enhanced sentence more than double the length of the sentence authorized by the initial sentencing guideline range in a case where the defendant would otherwise have received a relatively short sentence?" U.S. v. Peyton, 353 F.3d 1080 (9th Cir. 2003) citing U.S. v. Valensia, 222, F.3d 1173, 1182 (9th Cir. 2000).

Factor 1 is inapplicable as the Government's requested enhanced sentence of 72 months falls within the maximum sentence of the ten year imprisonment of 18 U.S.C. § 924(a)(2).

Factor 2 is inapplicable as the enhancement requested under 5K2.6 (Weapons and Dangerous Instrumentalities) is a sentencing factor (dangerousness of weapon, manner in which it is used, and extent to which its use endangered others) which does not negate a presumption of innocence or the burden of proof.

Factor 3 is inapplicable as no new offenses are created requiring separate punishment.

Factor 4 is inapplicable as there is no conspiracy alleged in this case.

Factor 5 is applicable because the government seeks a 5 level increase, and 5 is not "less than or equal to 4".

Factor 6 is inapplicable because the Government's requested enhancement of 72 is not "more than double the length of the sentence authorized by the initial sentencing guideline range". If the Court were to double the guideline range of Total Offense Level 17, Criminal

-3-

History Category IV or 37-46 months, this would calculate at 74-92, The Government's request for 72 months is not more than double the respective Guidelines ranges. This factor is inapplicable.

Under the "disproportionate impact" test, only factor 5 is disputed. Defense argues that because the government seeks an increase that is greater than the "less than of equal to four", that a heightened burden is warranted. However, under the totality of circumstances, there is no extremely disproportionate effect on the sentence. "There is no "bright-line rule" in the Ninth Circuit governing the application of the extremely disproportionate effect test; rather, courts look to the totality of the circumstances in determining whether the test is met." U.S. v. Pike, 473 F.3d 1053 (9th Cir. 2006). Under the totality of the circumstances test, a heightened burden is not warranted. The Government contends that the applicable standard at Sentencing is the preponderance of the evidence standard because the request for 72 months is not "extremely disproportionate". A more stringent standard is not compelled under the disproportionate impact test.

Defense cites U.S. v. Staten, 466 F.3d 708 (9th Cir. 2006) in support of a higher sentencing standard. Staten is inapplicable as the enhancement the Government seeks does not double the defendant's sentence.

In Staten, defendant Sue Staten was convicted of conspiracy to manufacture methamphetamine under 21 U.S.C. §841 and §846. In the pre sentence report, defendant Staten's base offense level of 12 was increased to offense level 27 pursuant to 2D1.1(b)(5)(B) which calls for an increase if "the offense involved (I) the manufacture of methamphetamine; and (ii) created a substantial risk of harm to (I) human life or (II) the environment. U.S. Sentencing Guidelines Manual 2D1.1(b)(5)(B)." Staten, 466 F.3d 708, 711 (9th Cir. 2006). In Staten, a defendant was facing a **15** level increase in her calculated guideline sentence, a term which the Court noted "more than doubled her sentence." Staten, 466 F.3d 708, 718. The pre sentence report increased Staten's punishment by **15** levels and the Ninth Circuit remanded the case to the

district court for a determination of whether section 2D1.1(b)(5)(B) has a disproportionate impact on Staten's ultimate sentence, and for a determination if the facts supporting the enhancement were established by clear and convincing evidence. Staten, 466 F.3d 720.

Unlike Staten, the Government requests a **5** level increase to the defendant's calculated guideline sentence. The enhancement the government seeks would add a 26 month incarceration to the defendant's calculated sentence. The Government's request falls short from doubling Cruz' sentence. Since the increase sought does not have "an extremely disproportionate effect" on Cruz' sentence, the burden of proof at sentencing to be applied is the preponderance of the evidence standard. The Government respectfully moves this Honorable Court for an upward departure at Sentencing from the calculated U.S.S.G. Guideline range of Offense Level **17**, Criminal History Category IV (37-46 months) to Offense Level **22**, Criminal History Category IV (63-78 months), the Government urges the Court to apply the preponderance of the evidence standard and to impose a sentence of 72 months incarceration.

## II. THE GOVERNMENT HAS MET THE PREPONDERANCE OF THE EVIDENCE STANDARD

"Evidence preponderates where it is more convincing to the trier of fact than the opposing evidence." McCormick, Evidence, 957 (3rd Ed. 1984). It refers to proof which leads the trier of fact to find the existence of the fact in issue more probable than not.

In this case, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent John Quintanilla testified that the firearm, a Beretta, used by the defendant is the weapon of choice for the United States Military. He testified that it is a weapon capable of concealment in the waist area due to the size and weight. SA John Quintanilla testified that a loaded weapon is dangerous, and that if pointed at a 27 year old woman and 2 young children would pose a danger to those persons. SA John Quintanilla also testified that a male fleeing with a loaded weapon would also present a danger to Law Enforcement personnel who responded to the scene of the crime.

Said testimony is sufficient to meet the preponderance of the evidence standard.

Although the lower burden of proof should be applied, the facts presented are also sufficient to satisfy the higher clear and convincing standard. The clear and convincing standard is that quantum of evidence beyond a mere preponderance, but below that of beyond a reasonable doubt and such that it will produce in the mind of the trier of fact a firm belief as to the facts sought to be established. <u>Alexander v. Warren, Ark. School Dist. No. 1</u>, 464 F.2d 471 (1972). The Government respectfully moves this Honorable Court for an upward departure at Sentencing from the calculated U.S.S.G. Guideline range of Offense Level **17**, Criminal History Category IV (37-46 months) to Offense Level **22**, Criminal History Category IV (63-78 months), the Government urges the Court to apply the preponderance of the evidence standard and to impose a sentence of 72 months incarceration.

## CONCLUSION

The applicable standard at Sentencing is the preponderance of the evidence standard. The Government's motion for an upward departure of five levels will not have a disproportionate impact on the defendant's sentence. The testimony provided at Sentencing is sufficient to meet the preponderance of the evidence standard. The Government respectfully requests that this Court depart upward and impose a sentence of 72 months imprisonment pursuant to 5K2.6 because this defendant used a deadly weapon, a black firearm, Beretta .9 mm, which was loaded with thirteen (13) bullets. In broad daylight, the defendant threw a weight through a window and entered the home of Michelle Terlaje, a 27 year old woman. When the defendant was confronted by Ms. Terlaje, he punched her while holding the firearm, she scratched him, and he overturned furniture. Ms. Terlaje's four year old son and her 14 year old niece Francine Fujiwara came into the home, saw the defendant and became frightened. The defendant pointed the firearm at the two children. The defendant then shoved the children aside in an attempt to escape. Ms. Terlaje attempted to stop the defendant from escaping by grabbing his leg as he climbed a fence. The defendant fled and was seen by the a Guam Police Department Officer throwing items onto

the ground. Defendant was caught by Guam Police Department Officer T.M. Benavente who cuffed the defendant, pulled the firearm from his waist area, and who saw that the defendant was holding bullets in his hand. Ms. Terlaje sustained redness and scratching to the face, Francine Fujiwara was uninjured, Tamzon was treated for abrasions to the knee area.

Defendant's action of using a weapon or dangerous instrumentality under these circumstances justifies an increase above the authorized guideline range. Considering the dangerousness of a loaded firearm in the hands of a fleeing felon, considering the fact that two children and Ms. Terlaje were in the direct line of fire and the manner that the weapon was used, considering the extent of the danger posed to the victims and the Guam Police Department Officer, the Government urges the Court to impose an upward departure of 72 months incarceration.

Respectfully submitted this ___ day of October, 2007.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: _____
ROSETTA L. SAN NICOLAS
Assistant U.S. Attorney