**FILED**
DISTRICT COURT OF GUAM

OCT 30 2007 

JEANNE G. QUINATA
Clerk of Court

JOHN T. GORMAN
Federal Public Defender
First Hawaiian Bank Building
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone:     (671) 472-7111
Facsimile:     (671) 472-7120

Attorney for Defendant
VINCENT PHILIP SIGUENZA CRUZ



## IN THE UNITED STATES DISTRICT COURT

## FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 07-00021 |
| ) | |
| Plaintiff, ) | OPPOSITION TO GOVERNMENT |
| ) | MOTION FOR UPWARD DEPARTURE |
| vs. ) | |
| ) | |
| VINCENT PHILIP SIGUENZA CRUZ, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Defendant, VINCENT PHILIP SIGUENZA CRUZ, by and through counsel, John

T. Gorman, Federal Public Defender, respectfully requests this Honorable Court deny the

government's motion for upward departure in Mr. Cruz's sentencing.

**A.      The Proposed 5-6 Level Upward Departure in His Total Offense
Level   Will Have an Extremely Disproportionate Effect on Mr. Cruz's
Sentence and Must Be Proven by Clear and Convincing Evidence.**

The proposed 5-6 level increase has an extremely disproportionate effect as it

effectively increases Mr. Cruz's sentence by approximately 75%.  Under the Presentence

Investigation Report''s (PSI) calculations, Mr. Cruz has a Total Offense Level of 17, a criminal

history category of IV and an advisory guideline sentence of 37-46 months.  The government's

proposed upward departure sentence is 72 months, which would fall into an offense level of 22 or 23, a 5-6 offense level increase. The 35 month increase from the low end of the guidelines, from 37 months to 72 months, would be an 94% increase. The 26 month increase from the high end of the guidelines, from 46 months to 72 months, would be an 56% increase. The average of 94% and 56% is 75%. Mr. Cruz submits that this proposed average 75% increase is extremely disproportionate and a heightened standard of scrutiny is appropriate.

When a sentencing factor has an extremely disproportionate effect on the advisory guideline sentence, due process requires that the government prove such a factor by clear and convincing evidence. United States v. Staten, 450 F.3d 384 (9th Cir. 2006). There is no bright line rule in this circuit regarding the applicability of the extremely disproportionate effect test. Instead courts should look to the totality of circumstances in determining whether a proposed increase merits the heightened burden of proof. United States v. Jordan, 256 F.3d 927 (9th Cir. 2001). Six factors have been identified that should be considered: (1) whether the enhanced sentence falls within the maximum sentence for the crime alleged in the indictment; (2) whether the enhanced sentence negates the presumption of innocence or the burden of proof for the alleged crime; (3) whether the facts offered in support of the enhancement create new offenses requiring separate punishment; (4) whether the increase in sentence is based upon the extent of the conspiracy; (5) whether the increase in number of offense levels is less than or equal to four; and (6) whether the length of the enhanced sentence more than doubles the length of sentence authorized by the original guidelines range in a case where a defendant would have received a relatively short sentence. U.S. v. Peyton, 353 F.3d 1080 (9th Cir. 2003).

2

Mr. Cruz submits that factors 5 and 6 do apply. Factor 5 clearly applies as the proposed increase is between 5-6 levels which is more than four. Factor 6 should also be considered. Even though the proposed increase does not double Mr. Cruz's sentence, the 94% increase over the low end of the guidelines is certainly close enough to 100% to merit consideration under a totality of the circumstances test. It is black letter law that a court should err on the side of caution in protecting a criminal defendant's constitutional rights.

As at least one, and arguably two, factors in the totality of circumstances test apply here, due process and fair play mandate that this Court should apply the clear and convincing standard of proof in evaluating this proposed extremely disproportionate increase in Mr. Cruz's sentence.

**B.      The Proposed 5 level Enhancement, Pursuant to U.S.S.G. § 5K2.6, Is Improper As It Constitutes Double Counting.**

The parties have already agreed that a 4 level offense enhancement pursuant to U.S.S.G. § 2K2.1(b)(6) applies as Mr. Cruz possessed the firearm in connection with another felony offense, that is, burglary. Now, the government proposes a further 5 level enhancement based on U.S.S.G. § 5K2.6, <u>Weapons and Dangerous Instrumentalities</u>, as a firearm was used in the commission of the offense, the burglary. The government wants to punish Mr. Cruz twice for the offense conduct and this double counting is unwarranted and prohibited

Improper Double counting occurs when the sentencing court applies two or more enhancements based on the same conduct punishing the defendant twice for the same conduct. The similarity in the text of the two enhancements demonstrates that the government seeks to

3

punish twice the same wrong of possessing a firearm in the commission of another offence. U.S.S.G. § 2K2.1(b)(6) states in pertinent part, that a 4 level enhancement is warranted, " If the defendant used or possessed any firearm in connection with another felony offense." U.S.S.G. § 5K2.1(b)(6) states:

> If a weapon or dangerous instrumentality was used or possessed in the commission of the offense, the court may increase the sentence above the authorized guideline sentence range. The extent of the increase ordinarily should depend on the dangerousness of the weapon the manner in which it was used and the extent to which its use endangered others. The discharge of the weapon might warrant a substantial sentence increase.

Both enhancements punish the possession of a firearm in the commission of the offense and to apply both would be to improperly punish Mr. Cruz twice for the substantially the same harm.

The government misses the point in their quest for an upward departure. The government argues that both enhancements apply as the firearm is a dangerous instrumentality and it was used in a dangerous and felonious manner. That point is not disputed. The dispute here is whether this Court should improperly apply both enhancements to double punish the defendant.

There are other factors beside the improper double counting that make the government's proposed 72 month sentence unreasonable. Mr. Cruz has been in local custody since November 18, 2005 for a Guam Superior Court case based on this same conduct. (PSI, paragraph 43). His prior parole was also revoked due to this same conduct and his release date is January 7, 2010. (PSI, paragraph 39). None of this time will be credited towards whatever

4

sentence this Court imposes. Mr. Cruz will begin serving this Court's sentence on January 7, 2010. Mr. Cruz will have already done 40 months for this offense conduct in addition to this sentence. Realistically, this means the advisory guideline sentence of 37-46 months is really a 77-86 month sentence. This 77-86 month sentence more than adequately fulfills the mandates of punishment and deterrence in this case. Mr. Cruz has also demonstrated exemplary conduct and rehabilitation during his past two years in custody as evidenced by the letters of commendation written by Guam Corrections Officers Taitague and Sanchez, filed with this Court on August 15, 2007.

The government's proposed use of the two enhancements is improper double counting and punishes twice the same wrong of possessing a firearm in the commission of another felony. The government's position is also unreasonable due to the uncredited 40 months of imprisonment that Mr. Cruz is already suffering from this offense conduct.

### Conclusion

The correct burden of proof in this proposed 5-6 level increase in Mr. Cruz's total offense level is clear and convincing evidence as it has an extremely disproportionate effect on his sentence. Even assuming *arguendo*, a lower burden of proof, the government's proposed increase in Mr. Cruz's sentence is still improper as it constitutes double counting and is also unreasonable.

DATED: Mongmong, Guam, October 30, 2007.

JOHN T. GORMAN
Attorney for Defendant
VINCENT PHILIP SIGUENZA CRUZ

5

## CERTIFICATE OF SERVICE

I, ALEXANDER A. MODABER, hereby certify that a true and exact copy of the

foregoing document was filed with U.S. District Court and electronically served by the U.S. District

Court Clerk's Office to the following on October 30, 2007:

> ROSETTA SAN NICOLAS
> Assistant United States Attorney
> Sirena Plaza
> 108 Hernan Cortez, Ste. 500
> Hagatna, Guam   96910
>
> Attorney for Plaintiff
> UNITED STATES OF AMERICA
>
>
> MARIA CRUZ
> U.S. Probation Officer
> U.S. Probation Office
> Districts of Guam and NMI
> 2nd Floor, U.S. District Court

DATED: Mongmong, Guam, October 30, 2007.

_____
ALEXANDER A. MODABER
Investigator